# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida  www.flsb.uscourts.gov
### Chapter 13 Plan (Individual Adjustment of Debts)

☒  **2nd**  Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐  ____  Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

Debtor: **Villena, Miriam Enriqueta**     Joint Debtor: _____     Case No: _____
Last Four Digits of SS# **1989** _____     Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for a period of **60** months: In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

A. 1) Month 1-2 $ 240.00    2) Month 3-60 $2447.77
 in order to pay the following creditors:

Administrative:

Mendez Law Offices, PLLC  Months 3-5 $450.00 Total for LMM : $1800.00

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

Arrearage on Petition Date $
Arrears Payment $   /month (Months 1  to 60  )
Regular Payment $  /month (Months  to  )

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and | Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|---|
| Chase Acct: 1561023933308 | Property located at: 18484 NW 53rd Ave Miami Gardens, Fl. 33055 | 155,000 | 0.00 | 0 | 0 | 0 |
| Julio L. Valdes 18016 SW 26 Court Miramar, FL 33029 | Property located at: 18484 NW 53rd Ave Miami Gardens, Fl. 33055 | 155000 | 0 | 0 | 0 | 0 |
| Monterey Master Homeowner's Association | Property located at: 18484 NW 53rd Ave Miami Gardens, Fl. 33055 | 0 | 0 | 0 | 0 | 0 |
| Wells Fargo Bank Nv Na, Acct: 68068001259460001 | Property located at; 5445 Collins Ave #1402, Miami Beach, FL | 62,000 | 0.00 | 0 | 0 | 0 |
| Bank of America 68211047902899 | Property located at; 5445 Collins Ave #1402, Miami Beach, FL | 62000 | 0 | $1033.00 | 3-60 | $62,000.00 |
| Castle Beach Condo Association | Property located at; 5445 Collins Ave #1402, Miami Beach, FL | 0 | 0 | 0 | 0 | 0 |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. **None** _____     Total Due $
Payable $ /month (Months  to  ) Regular Payment $ _____.

Unsecured Creditors: Pay $100.00 /month (Months   **1**   to   **60**  ).
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**Other Provisions Not Included Above:**

1. Property located  at:  12735 SW 22 St Miramar, Fl. 33027 To be Surrendered.

2. Property located at:  7000 NW 186 St # 4-314, Miami, Fl. 33015 To be Surrendered.

3.  Property located at   18484 NW 53rd Ave Miami Gardens, Fl. 33055  to be included in LMM program
4.  Melrose Homes II at Monarch Lakes Homeowners Association pay  $ **140.01**  /month (Months 1  to 60  ) Total of: $ **8,400.19.**
5.  Regular payment to Monarch paid direct

"The Debtor has filed a Verified Motion for Referral to LMM with
Wells Fargo Bank ("Lender"), loan number 68068002020020001, for real property located at
<u>18484 NW 53rd Ave Miami Gardens, Fl. 33055</u> . The parties shall timely comply with all
requirements of the Order of Referral to LMM and all Administrative Orders/Local
Rules regarding LMM. While the LMM is pending and until the trial/interim payment
plan or the permanent mortgage modification/permanent payment is established by
the parties, the Debtor has included a post-petition plan payment, absent Court order
to the contrary, of no less than 31% of the Debtor's gross monthly income as a good
faith adequate protection payment to the Lender. All payments shall be considered
timely upon receipt by the trustee and not upon receipt by the Lender.

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed,
any objection to the Lender's Proof of Claim on the real property described above
shall be held in abeyance as to the regular payment and mortgage arrearage stated in
the Proof of Claim only. The Debtor shall assert any and all other objections to the
Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the
Lender agree to a settlement as a result of the pending LMM, the Debtor will file a
Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar
days following settlement. Once the settlement is approved by the Court, the Debtor
shall immediately amend or modify the plan to reflect the settlement and the Lender
shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to
modify the plan no later than 30 calendar days following approval of the settlement
by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the
settlement reached after confirmation of the plan. The parties will then timely
comply with any and all requirements necessary to complete the settlement.

In the event the Debtor receives any financial benefit from the Lender as part of any
agreement, the Debtor shall immediately disclose the financial benefit to the Court
and the trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar
days after the Mediator's Final Report is filed, the Debtor will amend or modify the
plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of
Claim) or (b) provide that the real property will be surrendered. If the amended or
modified plan provides that the real property is to be surrendered, then the
obligations to the Lender will be considered "treated outside the plan" and the Lender
shall have in rem relief from the automatic stay as to the real property being
surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm
that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the
Lender has to address payment of its Proof of Claim."

 I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

**/s/ Miriam Enriqueta Villena**
Debtor                                                                  Joint Debtor

Date: May 16, 2013                                                      Date: _____

LF-31 (rev. 01/08/10)